IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-195-D

| | |
|---|---|
| CARLOS A. ALFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RAY MABUS, Secretary of the Navy, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

On September 12, 2014, Carlos A. Alford ("Alford"), appearing pro se, submitted a motion for leave to proceed in forma pauperis [D.E. 1], together with a complaint and several exhibits [D.E. 1-1–1-3]. On October 31, 2014, Alford moved for summary judgment [D.E. 4]. On November 10, 2014, the court granted Alford's motion to proceed in forma pauperis, denied his motion for summary judgment without prejudice, and directed the United States Marshal to effect service [D.E. 6].

On November 17, 2014, Alford filed an amended complaint [D.E. 11] and additional exhibits [D.E. 11-1–11-7]. On January 12, 2015, Alford filed a motion for summary judgment [D.E. 18]. On January 20, 2015, Alford supplemented his motion for summary judgment [D.E. 20], and defendants filed a motion to dismiss or, alternatively, for summary judgment [D.E. 21]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Alford about defendants' motion, the consequences of failing to respond, and the response deadline [D.E. 23]. Alford then filed several responses in opposition to defendants' motion [D.E. 24, 26–27] and

requested mediation [D.E. 28, 33]. On April 16, 2015, Alford again amended his complaint [D.E. 35]. On June 15, 2015, Alford filed another motion for summary judgment [D.E. 37].

Alford's filings are not a model of clarity. Alford

> enlisted in the Marine Corps in 1981. On 3 May 1983, plaintiff accepted non-judicial punishment ("NJP") pursuant to Article 15 of the Uniform Code of Military Justice for being absent from his place of duty. On 20 May 1983, he accepted NJP for testing positive for marijuana use during a command directed urinalysis. Some time prior to June 1984, he accepted NJP for having an unopened bottle of alcohol in the barracks area. In June 1984, he received an Other than Honorable discharge from the Marine Corps.

Alford v. Pfeiffer, No. 7:11-CV-38-BR, 2012 WL 548806, at *1 (E.D.N.C. Feb. 21, 2012) (unpublished) (internal citations omitted); see [D.E. 7] 2; [D.E. 18-2] 1; [D.E. 20-1] 5–8. Alford reenlisted in the Marines in 1985 and was dishonorably discharged in 1988. See [D.E. 18-2] 1.

Alford suffers from post-traumatic stress disorder. [D.E. 11] 2; [D.E. 24] 1. Alford has repeatedly sought a change in discharge status for his periods of military service from both the Board for Correction of Naval Records ("BCNR") and this court. See, e.g., Order, Alford v. Mabus, No. 7:13-CV-15-D (E.D.N.C. Jan. 10, 2014), [D.E. 43]; Alford, 2012 WL 548806, at *3; [D.E. 7-1] 1–2. On March 22, 2014, the Department of Veteran Affairs determined Alford's 1984 discharge "to be honorable for VA purposes." [D.E. 18-2] 1. On July 7, 2014, upon remand from this court, the BCNR denied Alford's application for correction of his military records. See [D.E. 22-1]; [D.E. 7-1] 1. On September 3, 2014, the Secretary of Defense issued supplemental guidance to the Military Boards for Correction of Military/Naval Records, including the BCNR, directing the Boards to "fully and carefully consider every petition based on PTSD brought by each veteran." [D.E. 11-2] 1; see [D.E. 7-1] 2 (alleging a "[c]hange in the law"). Alford seeks monetary damages of "$1,000,000.00 for negligent behavior by the Navy" and back pay, [D.E. 11] 4; see [D.E. 7] 3, or "$10,000.00 dollars negligent damages" and back pay, [D.E. 26] 3; see [D.E. 27] 3. Alford also

2

seeks injunctive relief, including restoration (or promotion) of rank and an honorable discharge. [D.E. 7] 3; [D.E. 11] 4; [D.E. 26] 3; [D.E. 27] 3.

Defendants seek dismissal of Alford's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defs.' Mem. [D.E. 22] 1; see Fed. R. Civ. P. 12(b)(1). Alternatively, defendants move for summary judgment. Defs.' Mem. 1; see Fed. R. Civ. P. 56. Alford filed a cross-motion for summary judgment. [D.E. 18, 37].

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). Because Alford asserts that this court has subject-matter jurisdiction, he must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647. "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact [concerning jurisdiction] exists." Richmond, 945 F.2d at 768.

Additionally, a suit against the federal government or its officers in their official capacities requires the plaintiff to prove a waiver of sovereign immunity, either by the Constitution or Congress's unequivocal consent. See Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 733–34 (1982); Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997); Williams v. United States, 50 F.3d

3

299, 304 (4th Cir. 1995); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994); Portsmouth Redev. & Hous. Auth. v. Pierce, 706 F.2d 471, 473 (4th Cir. 1983).

Alford asserts subject-matter jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 et seq. See [D.E. 11] 4. The APA permits private parties to sue the federal government to seek "relief other than money damages" for "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. §§ 702, 704. Thus, to have jurisdiction over an APA claim, the court must find that (1) Alford seeks relief other than money damages, and (2) there is no other adequate remedy in a court, including the United States Court of Federal Claims ("Claims Court"). See 5 U.S.C. §§ 702, 704; Bowen v. Massachusetts, 487 U.S. 879, 891 (1988); James v. Caldera, 159 F.3d 573, 578–79 (Fed. Cir. 1998).

The court assumes without deciding that Alford seeks monetary relief, not money damages, and therefore falls within section 702's waiver of sovereign immunity. See, e.g., Bowen, 487 U.S. at 900–01, 910; Ulmet v. United States, 888 F.2d 1028, 1030–31 (4th Cir. 1989); Nieves v. McHugh, No. 5:14-CV-434-D, 2015 WL 3540455, at *4–6 (E.D.N.C. June 3, 2015) (unpublished).[1] As for the second requirement, section 704 permits judicial review for "final agency action for which there is no other adequate remedy." 5 U.S.C. § 704. Defendants assert that Alford's "complaint is a thinly veiled claim for retirement and discharge benefits pursuant to the Tucker Act couched as an APA claim." Defs.' Mem. 8. Thus, defendants contend that the Claims Court provides an adequate remedy for Alford and that this court cannot review Alford's claim under the APA. Id. 10.

---

[1] Alford's characterization of his claim for monetary damages as sounding in negligence does not bind this court. See U.S. Marine, Inc. v. United States, 478 F. App'x 106, 109–10 (5th Cir. 2012) (per curiam) (unpublished); Reaves v. Hagel, No. 5:12-CV-795-FL, 2013 WL 5674981, at *7 (E.D.N.C. Oct. 17, 2013) (unpublished).

4

Generally, the Claims Court cannot provide equitable relief. Bowen, 487 U.S. at 905 & n.40 ("The Claims Court does not have the general equitable powers of a district court to grant prospective relief."); Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003); Randall v. United States, 95 F.3d 339, 347 (4th Cir. 1996). Where, however, the Claims Court has proper jurisdiction over a nontort monetary claim under 28 U.S.C. § 1491(a)(1), the Claims Court can "issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records" if that order is necessary "[t]o provide an entire remedy and to complete the relief afforded by the judgment." 28 U.S.C. § 1491(a)(2). For example, "the Claims Court may, in appropriate military back pay cases, 'provide an entire remedy,' including 'restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records.'" Mitchell v. United States, 930 F.2d 893, 896 (Fed. Cir. 1991) (quoting 28 U.S.C. § 1491(a)(2)). In determining whether Alford states a claim under the Tucker Act, the court looks to the "essence of his complaint." Randall, 95 F.3d at 347; see James, 159 F.3d at 579 ("Our inquiry, however, does not end with the words of the complaint, however instructive they may be, for we still must look to the true nature of the action in determining the existence or not of jurisdiction." (quotation omitted)).

Here, Alford's complaint essentially claims that he was wrongfully discharged and is entitled to back pay, an honorable discharge, and restoration or promotion of rank. See [D.E. 7] 3; [D.E. 11] 2–4; [D.E. 26] 1–3; [D.E. 27] 1–3. Under the Tucker Act, Alford has an adequate remedy in the Claims Court. See James, 159 F.3d at 581–82; Mitchell, 930 F.2d at 896–97; Reaves, 2013 WL 5674981, at *8; cf. Nieves, 2015 WL 3540455, at *7. Thus, pursuant to section 704, the court cannot review Alford's APA claim. Accordingly, the court grants defendants' motion to dismiss

5

Alford's APA claim for lack of subject-matter jurisdiction, and denies as moot the parties' cross-motions for summary judgment and Alford's other motions.[2]

In sum, the court GRANTS defendants' motion to dismiss this action for lack of subject-matter jurisdiction [D.E. 21], and DISMISSES this action for lack of subject-matter jurisdiction. The court DENIES AS MOOT the parties' cross-motions for summary judgment [D.E. 18, 21, 37], and plaintiff's other motions [D.E. 28, 33]. The clerk shall close the case.

SO ORDERED. This 23 day of June 2015.

JAMES C. DEVER III
Chief United States District Judge

---

[2] The Claims Court has exclusive jurisdiction for nontort monetary claims for more than $10,000 against the United States. 28 U.S.C. § 1491(a)(1); United States v. Hohri, 482 U.S. 64, 66 n.1 (1987); Randall, 95 F.3d at 347. Alford belatedly attempts to restrict his damages to $10,000, in which case this court would have concurrent jurisdiction over Alford's Tucker Act claim pursuant to 28 U.S.C. § 1346(a)(2). See [D.E. 26] 3; [D.E. 27] 3; cf. Chabal v. Reagan, 822 F.2d 349, 353 (3d Cir. 1987); Pinnock v. U.S. Army, No. 2:07-cv-5661-DMC, 2009 WL 256741, at *2 (D.N.J. Feb. 3, 2009) (unpublished). The Little Tucker Act has a six-year statute of limitations. Compare 28 U.S.C. § 2501 (six-year statute of limitations on Tucker Act claims), and Jarrett v. White, 57 F. App'x 87, 88 (3d Cir. 2003) (per curiam) (unpublished) (noting the district court's decision that section 2501 provides the statute of limitations for a Little Tucker Act claim), with 28 U.S.C. § 2401 (six-year statute of limitations for civil actions against the United States), and Hoffmann v. United States, 17 F. App'x 980, 987 (Fed. Cir. 2001) (unpublished) (holding that section 2401 provides the statute of limitations for a Little Tucker Act claim), and Loudner v. United States, 108 F.3d 896, 900 (8th Cir. 1997) (same). Accordingly, the court declines to construe Alford's complaint as a Little Tucker Act claim because the statute of limitations has long since passed. See Martinez, 333 F.3d at 1303–04 ("In a military discharge case, . . . the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge."); [D.E. 18-2] 1 (noting that Alford's last discharge was on June 28, 1988).